### ARTHUR v. DALTON et al.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

Costs—Extra Allowance—Amount Involved in Action.

    A finding as to the cash value of an annuity, based on the annuitant's age being 55 years, will be set aside as not supported by the evidence, though the annuitant deposes that such is his age, which would have made him 18 years younger than his wife, as to which his daughter and her husband depose that there was no such disparity, and it appears that the annuitant has stated that he was 64 years old, and he says, in explanation, that he did not then know his age, but has since learned it from his sister.

Appeal from special term, New York county.

Action by James Arthur against Sarah Dalton and others, in which there was an extra allowance of costs to plaintiff of $120. From an order increasing the allowance to $325, defendant Sarah Dalton appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Edward W. S. Johnston, for appellant.

Alfred D. Lind and Maurice B. Blumenthal, for respondent.

BARRETT, J. The judgment recovered by the plaintiff declares an annuity of $600 a year bequeathed him by the will of his wife, Rose Arthur, to be a charge on real property left by the testatrix, and awards him payment of past-due and future installments thereof. The extra allowance granted below is based upon the total of the sums due, and to become due, the latter being computed according to the Northampton tables. We are dissatisfied with the proof on the latter head. It is based upon the assumption that the plaintiff was 55 years of age at the time of the making of the application. He made affidavit to that effect. But it appeared by the affidavits of three people that, at the trial of another action between the same parties, in June, 1894, the plaintiff stated in open court, in response to a question of his counsel, that his age was 64. In reply the plaintiff merely denies having testified in that manner, and alleges that he was not a witness upon that trial. The opposing affiants did not so

state. He might well have made the statement in open court without being upon the witness stand. Nor do his further allegations inspire confidence. He states that, during the pendency of this former suit, he was asked his age, and did not know exactly how old he was; that he thereupon telegraphed to his younger sister in California, "who was familiar with the ages of all our family"; and that she telegraphed back to him that he was born January 4, 1841. The plaintiff thus has recourse, in a matter which ought to be peculiarly within his own cognizance, not to a written record, but to the mere memory of a sister who was not equally interested with himself in the fact. The affidavit of this sister was not procured, she is far without the jurisdiction, and pains is taken to state that she has since died. This unsubstantial authority is the main support of the plaintiff's affidavit upon this motion. If his present statement of his age is correct, he must have been over 18 years younger than his wife at the time of her death. Both the appellant and her husband depose that there was no such disparity between their ages, and the plaintiff merely says: "My wife was older than I, and often admitted such to be the case. I do not, however, know what her exact age was, and therefore cannot swear to the difference between her age and mine." Other facts are told in the affidavits which tend to weaken the plaintiff's assertion as to his age, but we need not go over them in detail. The proof in matters of this sort, where the value of the subject-matter of the action is uncertain at the best, ought to be reasonably clear and satisfactory. Here the proof is quite the reverse. It is altogether too slight and uncertain to permit an allowance to be based upon it. The court below properly allowed the plaintiff $120, that being about 5 per cent. upon the amount due him for past installments of the annuity. Subsequently the court upon special motion increased this allowance to $325, the increase being based solely upon the value of future installments according to the Northampton tables. This increase was erroneously allowed, and it is from the order allowing it that the defendant appeals. The reversal of that order will leave the original allowance of $120 undisturbed.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion to increase the allowance beyond that originally granted denied, with $10 costs. All concur.